IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARON ANDERSON and GEORGE ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>DUNBAR ARMORED, INC.; HARRY A. KOCOPI, Individually and as the Director of Employee Relations for DUNBAR ARMORED, INC.; ASHLEY R. MEW, Individually and as the Branch Manager for DUNBAR ARMORED, INC.; and HORACE JOHNSON, Individually and as the General Manager of DUNBAR ARMORED, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:08-CV-3639-BBM |

**O R D E R**

This case is before the court on the Final Report and Recommendation of the Magistrate Judge (the "R&R") [Doc. No. 42]. In the R&R, the Magistrate Judge recommends that the court grant Defendants Dunbar Armored, Inc. ("Dunbar"), Harry A. Kocopi ("Mr. Kocopi"), and Horace Johnson's ("Mr. Johnson") (collectively "Defendants") converted Motion for Summary Judgment [Doc. No. 24]; and likewise grant Dunbar's converted Motion for Summary Judgment [Doc. No. 5], Mr. Johnson's converted Motion for Summary Judgment [Doc. No. 12], and Mr. Kocopi's converted Motion for Summary Judgment [Doc. No. 14]. Finally, the Magistrate

Judge recommends that the court grant the Defendants' Motion to Strike the Second Amended Complaint [Doc. No. 37]; and recommends *sua sponte*, that Plaintiffs Sharon Anderson and George Anderson's (collectively "the Andersons") claims against Ashley R. Mew "(Mr. Mew") be dismissed without prejudice due to the Andersons' failure to serve Mr. Mew pursuant to Rule 4(m).

None of the parties has filed Objections to the R&R. Where no objections to the R&R have been stated, the court reviews the R&R for clear error. Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (Story, J.) (citing HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 873 (11th Cir. 2005)); Chamblee v. Schweiker, 518 F. Supp. 519, 520 (N.D. Ga. 1981) (O'Kelley, J.). Clear error review asks if, "after viewing all the evidence, we are 'left with the definite and firm conviction that a mistake has been committed.'" HGI Assocs., 427 F.3d at 873 (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

After having conducted a thorough review of the R&R, the court finds no clear error by the Magistrate Judge. See id. The court thus adopts the R&R in its entirety, and grants the Defendants' converted Motions for Summary Judgment in full.[1]

---

[1] The court chooses to exercise its supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

## Summary

For the foregoing reasons, the court ADOPTS the Final Report and Recommendation of the Magistrate Judge [Doc. No. 42]. The Defendants' converted Motion for Summary Judgment [Doc. No. 24] is GRANTED; Dunbar's converted Motion for Summary Judgment [Doc. No. 5] is GRANTED; Mr. Johnson's converted Motion for Summary Judgment [Doc. No. 12] is GRANTED; and Mr. Kocopi's converted Motion for Summary Judgment [Doc. No. 14] is likewise GRANTED. The court also GRANTS the Defendants' Motion to Strike the Second Amended Complaint [Doc. No. 37], and finally, DISMISSES WITHOUT PREJUDICE all claims against Mr. Mew due to the Andersons' failure to serve him pursuant to Rule 4(m).[2] This case is hereby DISMISSED.

IT IS SO ORDERED, this 18th day of August, 2009.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE

---

[2] The Plaintiffs have received notice regarding their obligation to file timely objections to the R&R setting forth "appropriate evidence and arguments why their failure to serve Defendant Mew should not result in the dismissal of their claims against him." (R&R 16.) Having chosen not to file any objections, the court finds that they have not demonstrated "good cause" for their failure to effectuate service on Mr. Mew. See Fed. R. Civ. P. 4(d). Due to the court's grant of summary judgment on all claims against all other defendants, the court declines to give the Plaintiffs additional time in which to serve Mr. Mew.